Dear Mr. Wiley and Mr. Babin:
This office is in receipt of your request as legal advisor to the Ascension — St. James Airport Transportation Authority and Parish of Ascension, respectively, for an opinion of the Attorney General concerning a grant from the Governor's Office of Rural Development to the Parish of Ascension. You indicate the Ascension — St. James Airport Transportation Authority owns and operates the Louisiana Regional Airport located in Ascension Parish. Ascension Parish applied for rural development grant funds to acquire four acres of property adjacent to the Airport. All concerned in the grant application and approval process understood the purpose of the grant was to acquire four acres of privately-owned property to construct additional airplane hangars to benefit the Airport Authority directly. It was stated in the grant application that the Parish would benefit through economic development and other benefits flowing from the expansion and growth of the Airport. The grant application was approved on February 16, 1998, and the grant awards the Parish $65,000.00 "for the purpose of purchasing four acres of land for the Airport Authority". It is desired by all parties that the Authority, and not the Parish, own the property in question.
The Parish wants to accept the grant funds and then transfer the funds to the Authority for its purchase of the property. However, there is some concern about such a transaction being viewed as a constitutionally prohibited donation of public funds from the Parish to the Authority. Accordingly, you ask the following:
 Is an intergovernmental agreement transferring the funds to the Authority acceptable under state law, considering the fact that it was the purpose all along for the property to be acquired by the Authority using the grant funds? If the contemplated transfer of grant funds is objectionable, is there another method available for using the grant funds to acquire the property in the name of the Authority?
This office has repeatedly recognized that the threshold requirement for a valid donation of public funds is the presence of a legal obligation or duty by the transferor to alienate said funds or property. This is satisfied by the presence of a valid statute, ordinance, charter or contract. Thereafter, it must be found that the expenditure is for a public purpose, and that it creates a public benefit proportionate to the amount expended.
The purpose stated for the grant was to purchase four acres of land for construction of airplane hangars since the existing airport property cannot accommodate the new hangars. It was pointed out that at least 20 potential leasers would support the building construction costs and provide revenue to the Airport Authority. Significantly, it further stated:
 This project will assist greatly in the growth and stability of the airport and also improve a valued asset to the Parish of Ascension. In addition, the proposed hangars will result in an added economic development benefit to potential growth. A self-supporting airport adds to the parish's competitive edge in recruiting and maintaining businesses.
By the explicit wording of the grant, it is "for the purpose of purchasing four acres of land for the Airport Authority up to the maximum amount of $65,000." The agreement restricts the monies to be used only for this project. We find this fulfills the threshold criteria insofar as it requires the parish to apply the funds for the purchase of the acreage for construction of hangars for the Airport Authority.
Moreover, this office has recognized in Atty. Gen. Op. No. 93-22 that a Parish has the power to engage in economic development and to enter into a cooperative endeavor agreement for such purpose. As stated in that opinion, "Care should be taken to insure the Foundations's commitment to act in a manner consistent with the duties and obligations of the Parish regarding public funds, as well as the Foundation's commitment to utilize the funds in accordance with the voter authorization as expressed in the proposed proposition."
Herein the Airport Authority must act in a manner consistent with the obligations of the Parish and authorization under the grant.
A Parish's duty toward economic development is the basis of R.S.33:9020 et seq. titled, "Cooperative Economic Development", and is specifically stated in R.S. 33:9021(7) by providing that "economic development is a legitimate concern of government because it serves the public interest, but it is not purely and solely a public purpose, since successful economic development serves the private interests of business and industry as much as public interest."
Accordingly, we find the transfer of the funds for the purchase of the land by the Authority or the purchase by the parish and transfer of the land title to the Authority would fulfill the obligation of the parish under the grant, and serves a public purpose. How-ever, we are not in a position to determine whether it creates a public benefit proportionate to the amount expended.
Assuming the latter criteria is met, the transfer would not be a prohibited donation.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR